IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE QUIÑONES-LOPEZ
Petitioner

vs

ADMINISTRACION DE CORRECCION
EN PUERTO RICO
Respondent

CIVIL 09-1429CCC

## OPINION AND ORDER

Petitioner José Quiñones-López (Quiñones) filed this application for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 14, 2009 (docket entry 2). In it, he challenges his 1999 convictions for first degree murder and weapons law violations in the Commonwealth courts, claiming a failure by the prosecutor to disclose exculpatory evidence and misconduct by the jury foreperson.

It appears from the information that Quiñones himself has provided in his Petition that after he was convicted in 1999 following a jury trial, he appealed to the Court of Appeals of the Commonwealth which affirmed his convictions on October 25, 2000. He did not pursue a further direct appeal from his conviction and sentence to the Commonwealth's Supreme Court, although he did collaterally challenge them through a motion filed under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure which the trial court denied on February 6, 2004. While he also appealed that denial to the Commonwealth's Court of Appeals, it was to no avail; said court again affirmed the trial court's adverse ruling. Quiñones acknowledges that no appeal from that denial was ever filed before the Supreme Court of the Commonwealth either.

Respondents, the Commonwealth's Secretary of Justice, Antonio M. Sagardía-de-Jesús and the Administration of Corrections, have now moved to dismiss the habeas petition (docket entry 9). Their attack on the Petition is multifaceted, as they aver that Petitioner has

CIVIL 09-1429CCC                                    2

failed to exhaust administrative remedies, failed to avail itself of the remedies available in the courts of the Commonwealth, seeks to relitigate issues of fact, failed to allege a federal constitutional right violation, filed a time-barred Petition, and failed to file it in the English language.  We need not address them all, as from the allegations of the Petition it is plainly evident that at least two of the grounds adduced by respondents are dispositive.

In order to be granted federal habeas corpus relief, it is elementary that the petitioner must have exhausted his available state remedies.  In this regard, 28 U.S.C. §2254(b)(1) and (c) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> ....
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoner's federal rights." Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18 (1981).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

CIVIL 09-1429CCC                                           3

appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present--or do his best to present--the issue to the state's highest tribunal." Mele v. Fitchburg Dist. Court, 850 F.2d 817 (1st Cir. 1988.)

As noted above, Quiñones recognizes in the Petition that neither his direct appeal from his conviction and judgment nor his collateral attack to the same under Rule 192.1 were litigated all the way to the Commonwealth's highest tribunal:  the Supreme Court.  He has by now lost the opportunity to do so, as the time for seeking review from said court has long passed, which ordinarily would have resulted in the procedural default of his claims. However, we do note that Petitioner still does have available as an alternative the filing of a Commonwealth habeas petition pursuant to 34 L.P.R.A. §1741(a), a separate post-conviction remedy from the Rule 192.1 motion.  Thus, given that Quiñones has yet the option to pursue one complete round of post-conviction relief under the local habeas statute, he has not "exhausted the remedies available in the courts of the State" as required by 28 U.S.C. §2254(b)(1)(A).

In addition, 28 U.S.C. §2244(d) establishes a one-year period of limitation for an application for a writ of habeas corpus to be filed.  Said limitation period as to this action started to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A). However, the statute excludes from that limitation period "'[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...."  See 28 U.S.C. §2244(d)(2).

Even if we were to assume that the limitations period was tolled until Petitioner's Rule 192.1 motion was finally disposed by the Commonwealth courts, this application would be time barred.  As previously noted, Quiñones states in his Petition that the trial court denied

CIVIL 09-1429CCC                                    4

his Rule 192.1 motion on February 6, 2004.  While he failed to provide a correct date of when the Court of Appeals rejected the appeal on the Rule 192.1 motion, (he points out that it took place on October 25, 2000, which is chronologically impossible and corresponds instead to the date when his direct appeal was denied), respondents have indicated that it occurred on June 14, 2004.  This application, in turn, was filed almost five (5) years later, on May 14, 2009.  Thus, it was untimely filed.[1]

We need go no further.  For the reasons stated, respondents' Motion to Dismiss (**docket entry 9**) is GRANTED.  Judgment shall be entered DISMISSING Petitioner's federal habeas petition, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2009.


                                                        S/CARMEN CONSUELO CEREZO
                                                         United States District Judge

---

[1] We note that Petitioner failed to invoke the equitable tolling doctrine, and we have been unable to identify circumstances that may justify its application.